**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MARIA CARMICHAEL,

    Plaintiff,

v.                                                Case No: 3:14-cv-1432-J-32PDB

WOODBRIDGE MULTIFAMILY
PARTNERS,

    Defendant.

---

### **ORDER**

This case is before the Court on plaintiff's Motion to Remand (Doc. 7) to which defendant filed a response (Doc. 9) with exhibits under seal (Doc. 13). With leave of Court, plaintiff filed a reply (Doc. 14)[1] and defendant filed a sur-reply (Doc. 19).

Upon review, plaintiff''s motion (Doc. 7) is **DENIED**. Defendant's Notice of Removal (Doc. 1) contained sufficient allegations of the amount in controversy to satisfy the standard recently articulated by Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547 (2014), and, when challenged by plaintiff in a motion to remand, defendant supported its allegations with copies of documents, including a demand letter from plaintiff's counsel which included a history of plaintiff's medical expenses that alone total $86,939.30, more than enough to satisfy the Court's jurisdictional threshold without even considering the other

---

[1] Although footnotes have their proper place, both plaintiff's motion (Doc. 7) and reply (Doc. 14) improperly include nearly every citation in footnotes instead of including them in the text.

categories of plaintiff's alleged damages. See Doc. 13 at 5 and 6. Plaintiff references this letter as being "pre-suit posturing." See Doc. 14 at 3.  Surely counsel does not mean to suggest that these claimed medical expenses are not valid and the Court therefore finds they presented a sufficient basis upon which defendant could prove the amount in controversy was met when it filed its Notice of Removal.  The Court is satisfied that its diversity jurisdiction has been properly invoked.[2]  A Case Management and Scheduling Order will issue by separate Order.

**DONE AND ORDERED** in Jacksonville, Florida, this 26th day of February, 2015.

*[signature]*
TIMOTHY J. CORRIGAN
United States District Judge

md.
Copies to:
Counsel of record

---

[2]Lest there be any doubt, the Court is untroubled that defendant's Notice of Removal preceded issuance of the Supreme Court's Dart decision, which counsels that a defendant's notice of removal need contain "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." 135 S.Ct. at 554. Defendant's statement in its Notice of Removal that it was in receipt of a letter from opposing counsel stating that plaintiff's medical bills totaled $86,939.60 was more than enough to meet the arguably more stringent standard that might have applied pre-Dart. See, e.g., Lutins v. State Farm Mut. Auto. Ins. Co., Case No. 3:10-cv-817-J-37JBT, 2010 WL 6790537, *2 (M.D. Fla. Nov. 4, 2010) (explaining that "the hard medical costs detailed in [plaintiff's demand] letter sufficiently prove the requisite amount in controversy"). Additionally, plaintiff's Rule 26 Initial Disclosures reveal her past medical bills are even higher. See Doc. 19, Ex. A at ¶3(a).